<div style="float:right">Nov. Term, 1822.

HORNER
v.
HUNT.</div>

## HORNER *v.* HUNT.

A note was made payable two years after date; and was to bear interest from the date, if not paid within two weeks after a legal demand: *Held*, that the interest from the date thus stipulated for, was recoverable in case of the maker's default.

In debt on a promissory note, the damages recoverable by the plaintiff cannot exceed, exclusive of costs, the amount laid in his declaration.

Nov. Term,
**1822.**

STILES
v.
JACKSON.

Friday,
November 6.

ERROR to the *Dearborn* Circuit Court.

SCOTT, J.—*Horner* brought a suit against *Hunt* on a promissory note, by which *Hunt* promised to pay *Horner,* two years after date, 750 dollars, with interest from the date if not paid within two weeks after a legal demand. Judgment was rendered by default for the amount of the note, and interest from the date amounting to 129 dollars. On a subsequent day of the same term, the Court, on motion of the defendant, set aside this judgment, and rendered judgment for the amount of the note, and interest from the time the same became due amounting to 40 dollars.

It was decided by this Court at the *July* term, 1820, in the case of *Gully* and another against *Remy* (1), that a note payable at a certain day, and if not paid on the day then to bear interest from the date, is a good contract and the interest recoverable. On a re-examination of the case and authorities we are satisfied of the correctness of that decision. This case depends on the same principle. But the plaintiff claimed no more, in his declaration, than 100 dollars in damages. He could take no more than he claimed in his declaration (2). For this reason, the first judgment, as well as the last, is erroneous.

HOLMAN J. dissented, as to the allowance of interest from the date of the note, and cited 3 Bl. Comm. 432.—*Holles* v. *Wyse,* 2 Vern. 289.—*Shode* v. *Parker,* Ibid. 316.—*Nicholls* v. *Maynard,* 3 Atk. 520.—*Orr* v. *Churchill,* 1 H. Bl. 227.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded to the Circuit Court, with directions to render judgment in favour of the plaintiff for the amount of the note, and 100 dollars in damages, with the costs of suit.

*Lane* and *Dewey,* for the plaintiff.

*Caswell,* for the defendant.

(1) Ante, p. 69.

(2) As to releasing the extra sum, where the jury give greater damages than the plaintiff declares for, vide *Lambert* v. *Blackman,* ante p. 59, and note 2. In debt on bond conditioned for the performance of covenants, the jury are not restricted to the damages laid. *Payne* v. *Ellzey,* 2 Wash. 143.