Ezra Round, *et al.* v. Robert W. Donnel, *et al.*

*Error from Doniphan County.*

Limitation of Actions.—A note and mortgage was given on the 22d day of May, 1862, due one day after date. At the same time, and as part of the agreement of the parties, the obligees in the note gave the obligor an instrument of writing, stipulating that the obligor should have five years time in which to pay the note: *Held*, that no right of action accrued on the note until the expiration of five years, and consequently the statute of limitation did not begin to run till five years had expired.[*]

The facts of the case sufficiently appear in the subjoined opinion.

*Albert Perry*, for plaintiff in error.

*No counsel*, for defense.

*For plaintiff*, it was contended:

1. The only promise made by defendant below was in the note and mortgage, to pay one day after date. The obligation of the payees, extending the time to five years, does not bind the maker of the note. It is not his "contract in writing," but the voluntary act of the other party, without consideration, executed after the giving of the note.

On statute of frauds, *see Comp. L.*, 569, § 5; *Pars. Contr.*, 284–5 [*4th Ed.*;] 1 *Greenl. Ev.*, 268.

2. The obligation was not a part of the contract

---

[*]1. Contracts: Entirety.—When on the 22d day of May, 1862, a note was drawn payable one day after date and on the next day, pursuant to original agreement, an obligation was entered into by the payees whereby the maker of the note was to have five years in which to pay, and when on the 17th day of June following, pursuant to said agreement, a mortgage, securing the note, and said obligation, were delivered: Held, that the three papers were the evidence of the agreement, and must be treated as one.

2. Statute of Frauds.—The "statute of frauds" has no application to the case—the defendant, not having been charged upon the obligation, but only upon the note and mortgage.

evidenced by the note.    By its terms it is inconsistent with the note, and there is nothing in their provisions requiring them to be brought together.    2 *Pars. Contr.*, 298, 294, 295 ; *Freport v. Bortol*, 3 *Greenl. R.*, 340 ; *Phil. Ev.* [*Cow . and H. Notes*,] 278, 228 ; 3 *Greenl. Ev.*, 528.

3.    The two papers could not be connected by the aid of parol evidence.    *Pars. Mcr. L.*, 22 ; *Adams v. Wilson*, 12 *Metc.*, 138 ; *St. Louis Ins. Co. v. Harrison*, 9 *Metc.*, 39 ; 2 *Phil. Ev.* [*Cow. and H. Notes*,] Part 4, 528 ; *Laforge v. Ruckett*, 5 *Wend.*, 187, and Note "*A.*"

4.    The petitition, therefore, showed on its face that the cause of action was barred, and the question was properly raised by demurrer. .   *Sturges v. Burton*, 8 *O. S.*, 220.

5.    The answer containing no averment, taking the case out of the statute; there was no issue presented, and a trial was improper.   .

6.    Considered as one contract, the two instruments are repugnant, and the earlier provisions must prevail. 2 *Pars. Contr.*, 26.

*By the Court*, KINGMAN, C. J. ,

The only question in this case is whether the claim of the plaintiff below was barred by the statute of limitations.    On the 22d day of May, 1862, Ezra Round being indebted to Donnel & Saxton in the sum of $433.51, proposed to them to give his note for that amount, and secure the same by mortgage on a piece of land in Doniphan county, provided he could obtain a long credit on the .debt.    This was acceded to on the part of Donnel & Saxton, and the note was immediately drawn up, payable one day after date, bearing interest at ten per cent., to be compounded annually.    The time stipulated

for was to be secured by an obligation of Donnel & Saxton, that Round should have five years in which to pay the debt; and if paid in two years, was to pay but six per cent. interest thereon. This obligation was not signed till the next day, when the mortgage was prepared. This transaction was in St. Joseph, Missouri, and as the land and Elizabeth Round, the wife of Ezra, were in Kansas, the mortgage was not fully executed and acknowledged till the 17th day of June, when Round delivered the mortgage and took the obligation from Donnel & Saxton, above referred to.

This suit was brought on the 11th day of December, 1867. In the petition all the above facts are set forth in detail, and fully appear in the evidence preserved in the record.

LIMITATION OF Actions.    The plaintiff in error raised the question of the application of the statute of limitations by demurrer, by answer and by the instructions which they asked, and now complains that the court below erred in its several rulings in that behalf.

CONTRACTS: Entirety.    We do not think so. The note of Round and the obligation of Donnel & Saxton, together with the mortgage, were the evidences of the agreement between the parties, and must be treated by the courts as they were by the parties, as one agreement.

They were as much so as though the note and the obligation had been included in one instrument, stipulating that Round should pay the debt in one day, but that Donnell & Saxton should not enforce the agreement for five years. There is no contradiction or conflict in the two instruments. Taken together, Round can pay when he pleases; if he pays within two years, he pays a less rate of interest than stipulated in the note; but in no

event can the obligees enforce the payment of the note within five years.   The whole matter was a proper subject of a contract.   The stipulations are plain, and under them no right of action accrued to Donnel & Saxton till the expiration of five years from the maturity of the note.   Had they sued sooner, the obligation would have been a perfect answer to the suit.   Therefore the statute was no bar to the recovery of the plaintiffs below.

FRAUDS: STATUTE of    Nor is the statute of frauds applicable, as is suggested by the plaintiffs in error.   They are charged upon writings signed by them, and not upon the obligation to give time.   That obligation imposes no duty on them; it only extends to them a stipulation as to time, which so far modifies the rights given by the note to defendants in error as to postpone their right of action for five years, and until the right of action accrued the statute did not begin to run.

The decision of the court below must be affirmed.

All the justices concurring.