OF

## The State of Missouri

AT THE

## OCTOBER TERM, 1882.

*(Continued from Volume 75.)*

---

### JASPER COUNTY v. TAVIS, *Appellant.*

1. **Purchaser of Equitable Title to Land.** The purchaser of an equitable title to land takes it subject to all the equities between his vendor and the holder of the legal title as they exist at the time of his purchase. Thus, where a county sold swamp land on credit, and caused a certificate of purchase to be delivered to the purchaser specifying the terms of the sale, and providing that on compliance with these terms the purchaser should be entitled to a deed, and by a subsequent contract these terms were altered, but no change was made in the certificate; *Held,* that a subsequent purchaser from the county's vendee was bound by the altered terms.

2. **Compound Interest.** The maker of a note bearing simple interest being sued upon the note, agreed by a separate instrument in writing, in consideration of the dismissal of the suit, that interest thereafter to accrue upon the note if not paid when due, should bear interest. *Held,* that this agreement was founded upon a sufficient consideration and was valid. The fact that it was made after the note was executed and by a separate instrument, was immaterial. R. S. 1855, p 801, § 6.

3. **Ejectment**: PROPER JUDGMENT IN. Where the defendant in ejectment was in possession under a contract of purchase from the plaintiff, with which he had wholly failed to comply; but he had made valuable improvements upon the land; *Held,* that a judgment requiring him to pay the amount ascertained to be due and directing that a writ of possession issue against him in default of such payment, was erroneous. It should have directed a sale of the premises upon such default.

*Appeal from Jasper Court of Common Pleas.*—HON. E. O. BROWN, Judge.

REVERSED.

This was an action of ejectment for a forty acre tract of swamp land. Defendant claimed under one Geo. E. Ward. The evidence given at the trial showed that on the 11th day of February, 1858, the county court of Jasper county sold this tract, with many others, to Ward at ninety cents per acre; that Ward was to give his note with approved security for the purchase money of all the tracts' the note to be payable on the 11th day of February, 1859, and to bear interest after maturity at ten per cent per annum; that the note was given accordingly; that Ward received from the swamp land commissioner of the county a certificate setting forth the terms of the purchase and declaring that upon payment made for any one or more of the tracts according to these terms, the commissioner would execute a deed for the same. The evidence further showed that Ward's note not being paid at maturity the county brought suit upon it; and that pending this suit Ward executed the following document:

Know all men by these presents: That whereas, there is now pending against me and others in the circuit court of Cedar county, in the State of Missouri, a suit in the name of the county of Jasper, in said State, for the sum of $68,377.80, the foundation of which suit is a note due from me and others to the said county of Jasper, dated 11th day of February, 1858, payable twelve months after date, bearing interest at the rate of ten per centum per annum from maturity. Now, for and in consideration that the said county will dismiss said suit, I do hereby agree and bind myself to pay to said county all the interest annually that has accrued or may accrue on said note till the same is formally discharged and paid off, at the rate of ten per centum per annum, and if the same is not punctually paid the interest is to bear interest as the note aforesaid. In testimony whereof, I have hereunto set my hand and seal, this 30th day of May, 1860.

GEO. E. WARD. [SEAL.]

There was no evidence of any formal action taken by the county court upon the receipt of this document; but the evidence showed that the suit referred to in it was dismissed; that afterward Ward executed the conveyance under which defendant claimed, and that defendant had improved the land and built a dwelling house on it. At the time of the institution of this suit the whole of the purchase money for the tract in controversy was still due, and the defendant was willing and offered to pay the same with simple interest as specified in the certificate of purchase, but the plaintiff claimed compound interest under the agreement of May 30th. The trial court sustained the plaintiff's claim and adjudged that upon payment by defendant to plaintiff of the sum so claimed ($204) and the costs "within sixty days from this date, all right, title and interest of plaintiff in and to said land shall be divested from plaintiff, and shall vest absolutely in defendant; free from any lien, claim or equity of plaintiff; but in default of the payment of said sum within sixty days from this

date, it is ordered that a writ of possession issue against defendant, and that he be forever barred from asserting any right, title or suit in and to said land."

*John M. Richardson* and *Ewing & Hough* for appellant.

The proposition of Ward was to pay interest on interest not yet due; the consideration of which proposition was further indulgence and " forbearance." Had the proposition ripened into a contract it would have been in conflict with the statute and illegal. It was to pay more than ten per cent for forbearance. R. S. 1855, p. 890, § 4. Not having been filed and acted upon by the county court, it does not amount to a contract, though the county did dismiss her suit. *Dennison v. St. Louis Co.*, 33 Mo. 168. As a contract to pay compound interest it is not valid. Such a contract must be evidenced by the instrument by which the money is secured to be paid. R. S. 1855, p. 891, § 6; *Payne v. King*, 38 Mo. 507; *Toll v. Hiller*, 11 Paige 228; *Townsend v. Corning*, 1 Barb. 627. It must not be prospective. *Gunn v. Head*, 21 Mo. 432. The commissioner acting under the order of the county court, gave Ward a certificate of purchase showing he was entitled to a deed for any tract or tracts of said land, upon the payment of ninety cents per acre, with simple interest. This document Ward had to show purchasers, to whom he sold the land, subject to the claim of appellee for the purchase money with simple interest. The certificate of purchase was the only contract on record relative to the sale of these lands. The proposition not having been placed upon record, would not affect innocent purchasers from Ward.

The records and the agreed statement of the case show appellant put a farm and house on the tract in controversy. The court erred in granting a writ of ouster, if the judgment was not paid by a stated time. The appellant cannot be deprived of his property and the results of his labor in that way. The judgment should have been for possession

or for the sale of the land for the payment of the debt. If the land at public sale will bring more than the judgment, appellant is entitled to the surplus.

*Phelps & Brown, G. W. McAntyre* and *R. A. Cameron* for respondent.

I.

SHERWOOD, C. J.—As the legal title of the land remained in the county, Ward only having acquired an equitable title by reason of his certificate of purchase, any transferee from him could not occupy any higher or better position, and must be regarded as a purchaser with notice, and as taking the land subject to any contract Ward had previously made with the county respecting the land purchased. A suit was pending in Cedar county on the note of Ward given for this and other lands, which note bore ten per cent interest, and while this suit was pending Ward made the written proposal to the county court read in evidence. What objection there was to this proposal of Ward does not appear. It is conceded, however, that the county dismissed the suit, and that it was after such dismissal that Ward sold the land and that the same passed by mesne conveyance to the present possessor. In such circumstances the defendant must be regarded as standing in no more advantageous position than would Ward had he continued to hold under his certificate of purchase, modified as it subsequently was by his proposal, accepted by the county. And we can discover no sound reason why the defendant, the transferee of Ward, and those claiming under him, should not be as much bound by Ward's subsequent and modified contract with the county, as he must be conceded to be, by Ward's original contract.

II.

And we regard it as entirely competent for Ward to agree to pay interest as specified in his modified contract

2—7*a*

with the county. It certainly was competent for him to do this at the outset. R. S. 1855, p. 891, § 6. And no good reason is seen why, for consideration of forbearance mentioned in the contract in regard to dismissal of the suit, Ward should not be allowed to contract for the payment of compound interest, as well as if he had thus contracted in the first instance. The section cited certainly does not forbid it.

### III.

Notwithstanding our conclusions as above, we reverse the judgment for the reason that the one rendered is not properly rendered. The proper judgment to have rendered, should have directed payment of the purchase money and accrued interest, and in default thereof that the land be sold. For this reason we reverse the judgment and remand the cause with directions to enter the proper judgment. All concur.