SCOTTISH-AMERICAN MORTGAGE Co., Limited, *v.* WILSON and others.

*(Circuit Court, D. Kansas.    April 13, 1885.)*

MORTGAGE—STIPULATION AS TO INTEREST—DEFAULT—ELECTION OF MORTGAGOR TO DECLARE WHOLE AMOUNT DUE.

Where a mortgage given to secure a debt drawing interest at 7 per cent. covenanted that in case the mortgagor made default in payment of any sum of interest when due, for more than 30 days, the mortgagee might elect to declare the whole principal debt due at once, and in such case that the principal debt should draw interest at 12 per cent. from the date of the note, *held* that, on

default by the mortgagor as aforesaid, and election and declaration by the mortgagee that the whole sum become due, that the covenant for an increased rate of interest was sufficient to support the increased rate from the time of such *election and declaration*, although the agreement to pay the increased rate from the date of the note might not be allowed, as being in the nature of a penalty.

## On Exceptions to Master's Report.

On June 9, 1881, the defendant made a note to the order of the plaintiff, to pay, on the first day of July, 1886, the sum of $65,000, at the rate of 7 per cent. per annum, payable semi-annually. In the note was a condition that if the note was not paid at maturity it should bear interest at the rate of 12 per cent. per annum from the date thereof. To the note were attached 10 interest coupons, calling for the payment, at the semi-annual period of the note, of the amount of the interest at 7 per cent. In each coupon was a clause that if not paid when due the note was to draw 12 per cent. interest after maturity. The note was secured by a mortgage, which contained the following clause:

"The said first parties further agree that if they fail to pay any of said money, either principal or interest, within thirty days after the same becomes due, or fail to perform or comply with any of the foregoing conditions or agreements, the whole sum of money herein secured may become due and payable at once, at the election of the said second party, its representatives or assigns, without notice of such election to the first party, and this mortgage may thereupon be foreclosed immediately for the whole of said money, interest, and costs, together with statutory damages in case of protest; and upon such election by said second party, its legal representatives or assigns, that the whole sum herein secured become due and payable at once, or if default be made in the payment of the principal sum when due, or in default of payment of any sum herein covenanted to be paid for the period of thirty days after the same becomes due, or in default of performance of any covenant herein contained, the said first parties agree to pay to the said second party, its legal representatives or assigns, interest at the rate of twelve per cent. per annum, computed annually on said principal note from the date thereof to the time when the money shall be actually paid. Any payments made on account of interest shall be credited in said computation so that the total amount of interest collected shall be and not exceed the legal rate of twelve per cent."

The defendant failed to pay the second interest coupon, and the plaintiffs, after electing to declare the whole mortgage due, brought an action to foreclose the same. The plaintiff, before the master in chancery, claimed interest at 12 per cent. on the note from the time the default was made and election declared by the plaintiff, and the master allowed the same. Exceptions to his report were filed, and those exceptions are now heard.

*J. D. S. Cook*, for complainant.

*Howard M. Holden*, in person.

FOSTER, J. Had the agreement between the contracting parties stipulated for 12 per cent. interest on default of any covenant in the mortgage, commencing from the date of such *default*, and not relating back to the *date* of the *contract*, there could hardly be a doubt but it

would have been a valid contract, and not in the nature of a penalty. I can see no objection to parties entering into an agreement that on failure of payment or other covenant the whole debt shall become due at the election of the creditor, and shall then and thereafter draw a greater rate of interest. The master reports and the complainant asks for the increased rate of interest only from the time the mortgagee declared its election to make the whole debt due, which was some time after default by the mortgagor. Is this contract sufficient to sustain that claim, or must it stand or fall as a whole? Assuming that so much of the contract as provides for computing the increased rate of interest from the date of the note until default is in the nature of a penalty, does it present a case materially different from a suit on a penal bond? In such cases courts do not apply such a rule as the *whole or nothing.* The uniform rule is to remit the penalty, and give judgment for the amount actually and equitably due. Contracts for penalties on a failure to. perform agreements are not necessarily and absolutely void *in toto.* They are not considered repugnant to public policy or good morals, although courts may consider it against good conscience to enforce them according to their terms. This mortgage provides that, in case of default by the mortgagor in any of the covenants therein contained, the principal debt should draw interest at 12 per cent. per annum, instead of 7 per cent., to be computed from the date of the note until the money is actually paid. Of course, those periods of time cover and include the date from which this interest has been computed; *i. e.,* from the time default was declared by the mortgagee.

There are quite a number of reported cases which hold that a greater rate of interest may be contracted for, contingent on default, commencing from the *date of the note,* and it seems to me the weight of authority in law, if not in equity, is to that effect. *Satterwhite* v. *McKie,* Harp. 397; *Daggett* v. *Pratt,* 15 Mass. 177; *Horner* v. *Hunt,* 1 Blackf. 213; *Gully* v. *Remy,* Id. 69; *Rumsey* v. *Matthews,* 1 Bibb. (Ky.) 242; *Jasper Co.* v. *Tavis,* 76 Mo. 13; *Reeves* v. *Stipp,* 91 Ill. 609; *Per contra Waller* v. *Long,* 6 Mumf. (Va.) 71; *Tierman* v. *Hinman,* 16 Ill. 400; *Shiell* v. *McNitt,* 9 Paige, 101.

The exceptions to master's report must be overruled; and it is so ordered.