## S. J. ANSEL v. NELS T. OLSON *et al.*

PROMISSORY NOTE — *Interest after Maturity* — *Diligence of Maker* — *Relief from Penalty.* Where a promissory note is made payable at a certain city, but no particular place in such city is designated, and neither party has any office or place of business or residence within the city, and the note is for the payment of a certain sum without interest, except that a stipulation is added that if the note is not paid when due it shall draw interest at the rate of twelve per cent. per annum from date, and the payor of the note at the time and before it becomes due is ready and able to pay the same, but fails because he cannot ascertain where the note is kept or where payment will be received, *held*, that if he exercised reasonable diligence to ascertain where the note was kept and to pay the same, he will be relieved from the payment of the penalty, although he failed to pay the note on the very day on which it became due; and *further held*, under the facts of this case, that such diligence was exercised.

### *Error from McPherson District Court.*

ACTION by *Ansel* against *Olson* and another, to recover $49.87, alleged to be due on a certain promissory note. Trial by a jury; verdict for defendants; new trial denied, and judgment rendered against the plaintiff for costs, on May 10, 1886. The plaintiff brings the case to this court. The opinion states the facts.

*John McPhail,* for plaintiff in error.

*John D. Milliken,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace of McPherson county by S. J. Ansel against Nels T. Olson and John Nelson, to recover $49.87, as an alleged balance due on a certain promissory note, which reads as follows:

"$429.50.        MARQUETTE, KAS., November 28, 1883.

"Ten months after date, we promise to pay to the order of S. J. Ansel four hundred and twenty-nine dollars and fifty-hundredths ($429.50) at McPherson, Kansas, if not paid when due, for value received, with interest at the rate of twelve per cent. per annum from date, and if the interest be not paid annually, to become as principal and bear the same rate of interest; this note is negotiable and payable without defalcation or discount and without any relief or benefit whatever from stay, valuation, appraisement or homestead exemption· laws.                                NELS T. OLSON.
                                             JOHN NELSON."

After judgment in the justice's court, and after an appeal by the plaintiff to the district court, the case was again tried before the court and a jury, and the verdict of the jury was in favor of the defendants and against the plaintiff, and the district court rendered judgment on such verdict in favor of the defendants and against the plaintiff for costs; and to reverse this judgment the plaintiff, as plaintiff in error, brings the case to this court.

It is admitted that no part of the note was paid when the same became due, but within a few days thereafter the face of the note was paid. This left unpaid only the penalty provided for in the note, that is, the twelve per cent. per annum interest agreed to be paid upon the note from its date, provided the face of the note should not be paid at the date of its maturity. The plaintiff's theory of the case is, that she is entitled to recover the full amount of the penalty provided for in the note, without any reference whatever to what brought about the failure of payment when the note became due. The defendants, however, with the permission of the court, tried

the case upon a very different theory. They tried the case upon the theory that the plaintiff could recover the penalty only in case the defendants were in fault, and that she could not recover the penalty if she alone was in fault. Upon this theory of the defendants the evidence was introduced, the instructions given and refused, the verdict rendered and the judgment of the court below given to the defendants instead of to the plaintiff. If this theory of the defendants is correct, then the court below did not commit any material or reversible error; but if it is not correct, then the court below did commit error, and its judgment must be reversed.

It appears from the evidence that the plaintiff, Mrs. Ansel, who is the payee of the note, has all the time resided with her husband and agent, Daniel Ansel, at the town of Marquette in McPherson county; and that Olson, the principal payor of the note, has all the time resided at the town of Lindsborg, in said county. The note is dated at Marquette, but is made payable at the city of McPherson in said county, but no particular place in the city of McPherson is mentioned. Lindsborg and Marquette are about ten miles apart; the first is about fifteen miles from McPherson, and the second is about twenty-two miles from McPherson. None of the parties had any office, place of business or residence in McPherson. No notice was ever given to the makers of the note until about three days after it became due as to what place in McPherson payment would be received, and the defendants had no such notice or knowledge prior to that time. A few days prior to the maturity of the note, Olson procured John A. Swenson, the cashier of the Lindsborg Bank, to write to Ansel inquiring where the note could be paid, but he received no answer. He also sent postal cards to all the banks in the city of McPherson, and ascertained that the note was not in any one of such banks. He also sent telegrams to two different loan agents and brokers at McPherson, but they did not have the note, and he could not ascertain where it was. He also deposited an amount of money, more than enough to pay the note, with the Lindsborg Bank and instructed the cashier of the bank to.

49 — 39 KAS.

ascertain, if he could, where the note was kept, and to pay the same, but the cashier did not ascertain where the note was kept, and did not pay it. The note was in fact left by the payee thereof with Theodore Boggs, a loan broker at McPherson, and immediately after it became due Boggs gave notice to Olson where the note was, and demanded its payment, and Olson immediately paid the face thereof and received credit thereon; but Boggs and Ansel claimed that the entire amount of the penalty had then become a binding obligation against the defendants, Olson and his surety Nelson, and afterward Ansel brought this action to recover such penalty.

No authorities in point are cited by counsel on either side, and we are not cognizant of any such authorities. We think, however, that the case was tried in the district court upon the correct theory, and that the verdict of the jury upon the evidence and the judgment of the court below upon the verdict are correct. We think that Olson exercised sufficient diligence in trying to ascertain where the note was kept, and where payment thereof would be received, to relieve himself and his surety of the payment of the penalty for not paying the note at the precise date of its maturity. He had a right to believe that the note would be deposited in some one of the banks at McPherson, and that he could pay the same at one of such banks. Banks are instituted principally for the purpose of dealing in commercial securities, and among their duties is that of collecting money on notes and other securities as the agents of others. And agents of this kind are nearly always banks. But Olson did not stop merely with making inquiries of the banks at McPherson. He also made inquiries of loan agents and brokers at that place, and also made inquiries of other persons whom we have not mentioned, and according to his own testimony he procured Swenson to write to Ansel. It would seem unconscionable under such circumstances, to require any person to pay $49.87 *as a penalty* for failing for *a very few days* to pay a note of $429.50.

The judgment of the court below will be affirmed.

All the Justices concurring.