**J. E. PIERSOL v. F. H. SHELLEY et al.**

No. 48.

1. REVIEW—*Exceptions Necessary.* Neither rulings of the trial court nor instructions to the jury will be reviewed by this court unless excepted to at the proper time by the party complaining thereof.

2. JUDGMENT *not Contrary to Law.* The verdict and judgment in this case are not contrary to law and are fully sustained by the evidence.

MEMORANDUM.— Error from Barber district court; C. W. ELLIS, judge. Action by J. E. Piersol against F. H. Shelley and Elizabeth B. Shelley to foreclose a mortgage of $1,800. Judgment for plaintiff for $362.-50. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed December 7, 1895, states the material facts.

*S. L. Overstreet,* and *W. S. Denton,* for plaintiff in error.

*F. M. Cowgill,* for defendants in error.

The opinion of the court was delivered by

COLE, J.: On May 1, 1888, F. H. Shelley, and Elizabeth B. Shelley, his wife, executed and delivered to J. Cline & Sons their promissory note for $1,800, due in one year, with interest at 8 per cent. payable semiannually, and to secure said note they gave to said parties a mortgage on certain real estate in Barber county, which mortgage bore date June 12, 1888, and contained a clause making the whole amount secured thereby due absolutely and the mortgage subject to foreclosure upon default in the payment of any installment of interest. On the 15th or 16th of April, 1889, the note and mortgage were transferred to plaintiff in error, who commenced this action to foreclose

the same June 15, 1889. The answer of the defendants below denied all the allegations of the petition generally, except the execution of the instruments sued on, denied specially the transfer of the note before maturity for a valuable consideration, alleged a special warranty of the property which formed the consideration for the note, and a total failure of said warranty, specifying the particulars of such failure, and claimed damages for $2,000. A reply was filed in the case, and the issues having been thus joined the cause was tried to the court and a jury, resulting in a verdict for plaintiff in error for $362.50, from a judgment upon which plaintiff in error brings the case here.

A number of errors is alleged, but the record is not in condition to permit of an examination as to most of them. A careful study of the record fails to disclose any objection or exception on the part of plaintiff in error, either as to the rulings of the court, instructions to the jury, or the introduction of evidence, with the exception of one or two objections to questions asked at the trial and which are immaterial in the decision of this case. The rule is too well settled to require the citation of authorities, that, unless the record discloses an exception by the party complaining, neither the rulings of the court, nor instructions to the jury, can be reviewed in this court. The only questions presented by this record in such a manner as to challenge our attention are, whether the verdict and judgment are sustained by the law and evidence, and whether the court erred in overruling the motion for a new trial.

There is an abundance of evidence to sustain the verdict under the instructions given by the trial court and acquiesced in by the plaintiff in error. Was the

verdict contrary to law?    This question must be answered in the negative.   The plaintiff in error contends that, as the mortgage alone contained the clause making the whole amount secured thereby due upon default in the payment of any interest, the terms of the mortgage, which is a mere incident and security to the note, must yield to the terms and conditions of the note, and that, therefore, plaintiff in error obtained the note before maturity and not subject to the defenses set up in the answer.  While the note and mortgage bear different dates, the evidence discloses conclusively that both were made at the same time, were part of the same contract, and must, therefore, be construed together.   The first installment of interest on the note became due in November, 1888. Plaintiff in error therefore obtained title thereto after condition broken.  This brings the transaction squarely within the rule laid down in *National Bank v. Peck*, 8 Kan. 660.   In that case, BREWER, J., in delivering the opinion of the court, says :

"The mortgage was given to secure the payment of the three notes.   It was executed cotemporaneously with them.   They form one contract, and are to be construed together and so as to give force to the terms of each. (2 Pars. Contr. 15 ; *Round v. Donnel*, 5 Kan. 56 ; *Muzzy v. Knight*, 8 id. 457.)   It contained this stipulation, that if any part of the money secured by it should not be paid when it became due, then all should immediately become due and payable.   There is no contradiction between this and the notes.   It might all have been placed in one instrument, and the contract thus set forth would have been consistent and clear.   The payor performing this contract would have 6, 12 and 18 months, respectively, to make good his several promises, but, failing to keep his first promise, lost further time to perform the remainder. It was a contract the time of whose performance depended upon certain conditions.   This clause is in-

serted in mortgages usually for the benefit of the mortgagee; but being a valid stipulation, the mortgagor has equal right to insist upon it, and receive whatever advantage he can from its enforcement. When the payor at the expiration of six months failed to pay the note then due, by the terms of the contract all three notes became due. The statute of limitations began to run on all, and a subsequent purchaser purchased after maturity. The defendants therefore have a right to interpose any defense in this suit that they could if the original parties to the contract were the sole parties to the suit. (*Basse v. Gallegger*, 7 Wis. 446; *Noyes v. Clark*, 7 Paige, 180; *Sweetapple v. Jessee*, 27 Eng. Com. Law, 27; *People v. Supervisors*, 19 Wend. 103.)"

Did the court commit error in overruling the motion for a new trial? This question must also be answered in the negative. The plaintiff cannot be heard to complain because the court declined to grant a new trial for any errors of law occurring at the trial or on account of any instructions which had been given to the jury, for it is only such errors in the rulings as were excepted to at the time which form a basis for a new trial. It would seem from the record that the only ground upon which plaintiff could have asked a new trial was on account of accident or surprise; but the court committed no error in refusing a new trial upon this ground, because the accident or surprise for which a new trial is 'permitted is only such as ordinary prudence could not have guarded against. In this case the plaintiff had been put upon his guard fully as to the defense which would be relied upon, and it was his duty to prepare himself to meet each of the defenses set up in answer. He cannot now be heard to complain if he did not so do, and thereby suffered loss on account of his own negligence.

We are of the opinion that the record discloses no

error for which this judgment should be reversed, and it is therefore affirmed.

All the Judges concurring.