### E. B. CABBELL *et al.* v. W. P. KNOTE.
#### No. 29.

1. NOTE AND MORTGAGE, *Construed Together.* A mortgage given to secure the payment of a note must be construed together with the note as a part of one transaction or contract, the same as if they were a part of the same instrument.

2. NOTE, *Modified by Mortgage.* A note signed by several persons individually may be modified by a mortgage given to secure said note so as to show that said persons signed the note in their representative capacity.

MEMORANDUM.— Error from Pratt district court ; S. W. LESLIE, judge. Action on a promissory note by W. P. Knote against E. B. Cabbell and others. Judgment for plaintiff. Defendants bring the case to this court. Reversed. The opinion herein, filed January 17, 1896, states the material facts.

*Thompson & Apt*, for plaintiffs in error.

*Ellis & Barrett*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : The defendant in error brought suit in justice court in Pratt county, Kansas, on a promissory note of $150, dated August 27, 1888, executed and delivered by the plaintiffs in error to him, a copy of which said note is as follows :

"$150.                    PRATT, KAN., August 27, 1888.
"For value received, one year after date, we promise to pay to the order of W. P. Knote $150, at the First National Bank, in Pratt, Kan., with interest from date at the rate of 12 per cent. per annum.

E. B. CABBELL.          Z. BRIGHT.
THOMAS W. GANNAWAY.    G. W. FOX.
R. F. WHITMAN."

Judgment was rendered for said defendant in error, and plaintiffs in error appealed to the district court. In the district court the plaintiffs in error obtained leave to answer, and filed a verified answer denying that they gave the note sued on as their joint and several promissory note.   They allege that said Knote, through his agent, G. A. Sears, sold to the First African M. E. Church of Pratt, Kan., a corporation duly organized under the laws of the state of Kansas, a certain building for the sum of $200 ; that the said corporation paid at the time $50, and gave its note and a mortgage to secure the payment thereof for $150 ; that the said note and mortgage are each parts of one and the same contract, and that said Knote, by his said agent, Sears, accepted said note, with the distinct understanding that the same was signed by the said defendants as trustees of said corporation, and that the making, execution and delivery of said note and mortgage was the act of said corporation. The said mortgage is attached to and made a part of the answer.   The mortgage states that the trustees of

the First African M. E. Church of Pratt City are indebted to W. P. Knote in the sum of $150. The property described in the mortgage is as follows :

"All that tract or parcel of land situated in the county of Pratt and state of Kansas described as follows, to wit : Lot 8, in block 13, in Calhoun's addition to the town of Pratt Centre, now Pratt City, as shown by the original plat of said addition now on file in the office of register of deeds of said county ; also a building now standing on lot 3, in block 33, in the town of Saratoga, Kan., being a one-story frame building, 40 feet long and 20 feet wide. Said trustees of the first part are to move said building from off the last-described lot and place same on the lot first described in the mortgage, to wit, lot 8, in block 13, in Calhoun's addition to Pratt Centre, Kan., and this mortgage to be the first lien on said building and lot."

The mortgage also contains the following stipulation :

" This grant is intended as a mortgage to secure the payment of $150, according to terms of a certain note this day executed and delivered by the said trustees of said church to the said W. P. Knote, payable at the First National Bank of Pratt, Kan., as follows, to wit : $150 on the 27th day of August, 1889, with interest thereon at the rate of 12 per cent. per annum from date, to the said party of the second part."

The plaintiff below filed a motion for judgment for the plaintiff on the pleadings, which motion was sustained, and judgment rendered against these plaintiffs in error for $188.40 and costs, and they bring the case here for review, alleging that the court erred in sustaining said motion for judgment, and in overruling their motion for a new trial. Our supreme court has decided causes similar to this a number of times, and they have uniformly held that the note and mortgage are parts of one transaction, constitute one contract,

and must be construed together, as if they were parts of one instrument. In *Chick v. Willetts*, 2 Kan. 384, the court held that a mortgage made in Kansas to secure a note made in Missouri over four months prior to the execution of the mortgage was effective to change the terms of the note and extend the time of payment. In *Round v. Donnel*, 5 Kan. 54, the court held that the note and mortgage and a separate agreement by the payee to extend the time of payment five years must all be construed together, and the statute of limitations would not begin to run until the expiration of five years, although the note upon its face was due one day after date. In *Muzzy v. Knight*, 8 Kan. 456, the court held that a note which was due in five years, with 10 per cent. interest, was modified by a mortgage which stipulated that interest was payable annually. The same doctrine was held in *Meyer v. Graeber*, 19 Kan. 165. In *Bank v. Peck*, 8 Kan. 660, the court held that when three separate notes were due in 6, 12 and 18 months, respectively, the one due in 18 months was modified by the mortgage, which stipulated that if any part of the money was not paid when due it should all immediately become due and payable, and upon default upon the first notes the last one became due, although by its express terms it was not due until 18 months after date. The same doctrine was held in *Darrow v. Scullin*, 19 Kan. 57.

It is therefore clear that, in construing the pleadings in the case at bar, the note and mortgage must be construed as though they were one instrument, and parts of the same contract. The note is signed by the plaintiffs in error without any designation of the capacity in which they sign. The mortgage states that the note was executed and delivered by the "trustees of said church." Admitting the an-

swer to be true, (which must be done in considering the motion,) and it clearly appears that said Knote entered into an agreement with said corporation by which he sold them a building for $50 cash and $150 due in one year, for which said corporation gave him its note, and to secure the same gave a mortgage back on said building and a certain lot, and agreed to move the building on to the said lot. The trustees were the proper persons to do this on behalf of said corporation. Section 3 of article 12 of the constitution provides that "the title to all property of religious corporations shall vest in trustees, . . ." and paragraph 1179 of the General Statutes of 1889 provides that "the secular affairs of a religious corporation shall be under the control of a board of trustees;" and also follows the provisions of the constitution as to title to property.

If the evidence sustains the allegations of the answer, the defendant in error is not entitled to a personal judgment against the plaintiffs in error. Therefore, the motion for judgment on the pleadings should have been overruled.

The judgment of the district court is reversed, and the cause remanded with instructions to grant a new trial, in accordance with the views expressed in this opinion.

All the Judges concurring.