A. HALLAM ET AL., APPELLANTS, V. OTTO TELLEREN ET AL., APPELLEES.

FILED MAY 19, 1898.  No. 8112.

1. Note: ATTORNEYS' FEES AS COSTS: CONFLICT OF LAWS. A note made and payable in Iowa provided that if suit should be commenced thereon a reasonable sum should be allowed as attorneys' fees to be taxed with the costs. *Held,* That this was a provision relating to the remedy and not a substantive part of the contract, and although lawful in Iowa, being contrary to the law of Nebraska, will not be enforced here.

2. ———: INTEREST. A note providing for a legal rate of interest until maturity, and for a higher, but still legal, rate after maturity, is valid and will be enforced according to its terms.

3. ———: ———: PENALTY. But a provision for a legal rate until maturity, and if the note should not then be paid, a higher rate

Hallam v. Telleren.

from the date of the note, is, so far as it provides for a higher rate before maturity, in the nature of a penalty and will not be enforced.

4. ———: ———. It is competent for the parties to contract for payment of interest at stated periods, and that installments of interest not paid at the time they fall due shall themselves bear interest, provided, however, that the whole interest so reserved shall not exceed ten per cent per annum, simple interest, on the debt.

5. **Vendor and Vendee:** ASSUMPTION OF MORTGAGE: ESTOPPEL. One who purchases land incumbered by a mortgage, receiving a deed excepting the mortgage from the covenant against incumbrances, and in paying the consideration deducts the lawful amount of the mortgage, is not thereby estopped from pleading the illegality of part of the mortgage contract.

APPEAL from the district court of Cedar county. Heard below before NORRIS, J. *Reversed.*

*W. E. Gantt,* for appellants.

*J. C. Robinson,* contra.

IRVINE, C.

This was an action to foreclose a mortgage given by Telleren to the plaintiffs to secure four notes. Two had been paid. The following is a copy of one of the remaining notes, default in the payment of which was alleged. The other was of like tenor:

"$280.00.            IDA GROVE, IOWA, October 20, 1885.

"On or before October 20, 1890, after date, for value received I promise to pay A. Hallam and P. Lloyd, or order, two hundred and eighty dollars, with interest thereon at the rate of eight per cent per annum if paid when due, ten per cent from date if not, payable annually at the office of A. Hallam, Ida Grove, Iowa. Should any of the interest not be paid when due it shall bear interest at the rate of ten per cent per annum, and a failure to pay any of said interest within thirty days after due shall cause the whole note to become due and collectible at once. It is also stipulated that a justice of the peace shall have jurisdiction herein to the amount of $300, and

should suit be commenced to enforce the collection of this note a reasonable sum shall be allowed as attorneys' fees and taxed with the costs on the cause.

"OTTO TELLEREN."

Boughn had bought the land after the mortgage was executed, his deed excepting the mortgage from the covenant against incumbrances. It is shown by the evidence that in fixing the purchase price there was deducted from the agreed price the amount of the notes with interest at eight per cent. A tender was pleaded by Boughn, and the evidence showed that Boughn had offered to draw his check to Hallam for the principal of the notes with interest at eight per cent, but had tendered no money, nor had he actually drawn the check, Hallam stating that he would not receive it. Boughn says that this occurred about the time the notes matured, but does not pretend to fix the time accurately. Hallam testifies that it occurred long after maturity. Defendants certainly failed to make good the plea of tender at maturity. The only positive proof is that it was later. The district court held that only eight per cent simple interest was recoverable, without an attorney's fee, and found that there had been a sufficient tender of the amount due, awarding a foreclosure for the sum so determined and awarding costs against the plaintiffs. Plaintiffs appeal.

The petition alleges and the proof shows that the notes were made and payable in Iowa, and that by the law of that state such a provision as that in the notes for the taxation of attorneys' fees is valid and enforceable. But such a provision is a stipulation for costs and refers to the remedy. It is not a substantive part of the contract itself and cannot be enforced in another jurisdiction. (*Security Co. v. Eyer*, 36 Neb. 507.) The decree of the district court was right in that respect.

The question of interest is different. The law of Iowa on that point is neither proved nor pleaded and must therefore be presumed to be the same as our own. (*Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 41 Neb. 374.)

It is the settled law of this state that where a note provides for a lawful rate of interest until maturity, and for a higher but still lawful rate after maturity, the contract is valid and will be enforced according to its terms. (*Havemeyer v. Paul*, 45 Neb. 373; *Omaha Loan & Trust Co. v. Hanson*, 46 Neb. 870; *Home Fire Ins. Co. v. Fitch*, 52 Neb. 88; *Crapo v. Hefner*, 53 Neb. 251.) But this contract is not of that character. It is to the effect that the notes shall bear eight per cent interest provided they are paid when due, but if not then paid they shall bear ten per cent interest from their date. In *Upton v. O'Donahue*, 32 Neb. 565, such a provision was denounced as a penalty and the court refused to enforce it. We think that decision was correct as to refusing the higher rate from the date of the note until its maturity. We are aware that some authority exists in favor of the legality of such a contract, but those cases seem contrary to principle. If such provision is not a penalty it must be a stipulation of damages. Compensation for the use of the money until maturity is contracted for at the lesser rate. Anything additional must be as damages for not paying when due. Damages for the withholding of money are always measured by interest, from the time the money should have been paid, not from a past date. The law limits the right of persons to contract for such damages to ten per cent; that is, ten per cent during the default. To sustain a stipulation of damages allowing ten per cent from a past date would be to permit an evasion of the usury laws. The time of the default in its nature determines the *quantum* of damages. The time the debt ran before it became due bears no relation whatever to the actual damage because of failure to pay when due, and interest before default cannot compensate for delay in paying after maturity. These considerations stamp that part of the contract as a penalty, and it is quite evident that it was inserted as such. Such, for a long time, seems to have been the view of the English courts. (*Holles v. Wyse*, 2 Vern. 289; *Strode v. Parker*, 2 Vern. 316;

*Orr v. Churchill,* 1 H. Bl. 227; *Seton v. Slade,* 7 Ves. Jr. 273.)

As it was not shown that any tender was made at maturity, and as the plaintiffs would be entitled to ten per cent interest after maturity, and Boughn tendered only eight per cent, if anything, it is unnecessary to decide whether the predeclared refusal of Hallam to accept that sum excused the failure to make an actual tender. The tender was in amount insufficient. It was insufficient for another reason. Interest was payable annually and interest installments were overdue. The note provided that interest not paid when due should bear interest. This provision is valid when the whole amount so reserved does not exceed ten per cent simple interest. (*Mathews v. Toogood,* 25 Neb. 99; *Murtagh v. Thompson,* 28 Neb. 358; *Richardson v. Campbell,* 34 Neb. 181; *Lewis Investment Co. v. Boyd,* 48 Neb. 604.)

It is argued that Boughn cannot be heard to assert that any part of the contract was illegal, because he assumed the payment of the debt and is estopped to deny its validity. He merely took the land charged with the mortgage and in computing the amount to be paid withheld from the vendor the amount of the incumbrance, calculating interest at eight per cent. He did not withhold anything to which the vendor would be entitled, because of a miscomputation. His acts did not change the character of the mortgage nor increase its amount. There is no estoppel in the case.

The decree must be reversed and the cause remanded with directions to enter a decree for an amount to be determined by allowing interest on the principal debt at the rate of eight per cent until maturity, ten per cent thereafter; also by allowing interest at the rate of ten per cent on unpaid interest installments from the time they became due; no further compounding and no attorneys' fees; but costs should be taxed against defendants.

REVERSED AND REMANDED.