S. HOLMES *et al.* v. HENRY S. DEWEY *et al.*

No. 13,022. (71 Pac. 836.)

SYLLABUS BY THE COURT.

1. PROMISSORY NOTES—*Interest after Maturity.* An agreement by the makers of a promissory note to pay interest at six per cent. per annum from its date until maturity, and ten per cent. after that time, is not unlawful as to the excess over six per cent. agreed to be paid after the note should become due.

2. —— *Statute Considered.* The provisions of section 3594, General Statutes of 1901, considered.

Error from Lyon district court; DENNIS MADDEN, judge. Opinion filed March 7, 1903. Affirmed.

*Buck & Spencer*, and *Graves & Hamer*, for plaintiffs in error.

*John W. Newell*, and *Rossington, Smith & Histed*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: This was an action on certain promissory notes, which provide for the payment by the makers of six per cent. interest from date until due, and after that time a rate of twelve per cent. per annum. Under the interest law in force when the

notes were executed, the maximum rate was ten per cent. We will, therefore, treat the case as if the rate contracted to be paid after maturity was ten per cent. per annum. The principal question is whether a party to a promissory note may contract for an increased rate after the maturity of the paper.

Section 3594, General Statutes of 1901, reads:

"When a rate of interest is specified in any contract, that rate shall continue until full payment is made, and any judgment rendered on any such contract shall bear the same rate of interest mentioned in the contract, which rate shall be specified in the judgment; but in no case shall such rate exceed ten per cent. per annum, and any bond, note, bill or other contract for the payment of money, which in effect provides that any interest or any higher rate of interest shall accrue as a penalty for any default, shall be void as to any such provision."

We regard the sum of ten per cent. interest to be paid after maturity as a contract rate. A rate was agreed on, both before and after maturity. The excess in the amount of interest the note was to draw after maturity over the amount it drew up to that time did not relate back to the date of the paper. Had it done so, the excess rate would be regarded in law as a penalty. (*Ansel v. Olson*, 39 Kan. 767, 18 Pac. 939; *Scottish-American Mortgage Co. v. Wilson*, 24 Fed. [C. C.] 310.)

We think section 3594, General Statutes of 1901, above quoted, was intended to relieve the maker from a penalty of an excess rate running back to the date of the paper. (*Hevemeyer v. Paul*, 45 Neb. 373, 63 N. W. 932.)

In *Sheldon v. Pruessner*, 52 Kan. 579, 592, 35 Pac. 201, 204, 22 L. R. A. 709, it was said:

"The note held by Motter was dated February 1,

1888, and matured in three years thereafter. The rate of interest per annum specified in the note was 8 per cent. until maturity, and 12 per cent. after maturity. Where there is an express stipulation that a certain rate of interest shall run after maturity, interest at that rate is recoverable. (11 Am. & Eng. Encyc. of Law, pp. 416, 417, and cases cited in note; 3 Rand. Com. Paper, § 1713, p. 823, and cases cited; *Ansel v. Olson*, 39 Kan. 767, 18 Pac. 939.")

The language of the court follows that of the author of Randolph on Commercial Paper.

On the question of the statute of limitations we think the court below decided correctly that the notes were not barred.

The judgment of the court below will be affirmed.

All the Justices concurring.