No. 19,428.

F. K. ROBBINS, *Appellee,* v. W. H. MADDY and MARY
E. MADDY, *Appellants.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*When Interest is a Penalty and Forfeited.*
Promissory notes and a mortgage to secure their payment
were executed at the same time. In each note it was pro-
vided that if it was not paid when due it should draw interest
at the rate of ten per cent per annum from its date until paid.
In the mortgage it was recited that the notes bore interest at
ten per cent after maturity and if not paid when due to draw
ten per cent per annum from date. *Held,* that the interest
provided for from the date of the notes to their maturity was
a penalty and is forfeited under the provisions of section 4348
of the General Statutes of 1909, but that the holder is entitled
to recover the stipulated rate after the maturity of the notes.

Appeal from Sumner district court; CARROLL L.
SWARTS, judge. Opinion filed April 10, 1915. Affirmed.

*W. W. Schwinn,* of Wellington, for the appellants.

*W. T. McBride,* and *Harold W. Herrick,* both of Well-
·ington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The interest recoverable upon a
series of notes is the only question involved on this
appeal. The action was brought by F. K. Robbins
against W. H. and Mary E. Maddy to recover on the
notes and to foreclose a mortgage which was given to
secure their payment. Each note was given for the
sum of $8 and the terms of all were alike except as to
the time of maturity. The following is a copy of one
of the notes:

"$8.                "Wellington, Kansas Mar. 31, 1893.
  "For Value Received December 1, 1895, after date I
promise to pay to the order of F. K. Robbins & Co.
Eight Dollars, at the Farmers Bank, Wellington, Kan-
sas.

"If not paid when due, this note to draw interest at the rate of ten per cent per annum from its date until paid.

"We, the sureties, guarantors and endorsers herein, agree to extensions of this note without notice, hereby ratifying such extensions and binding ourselves for payment hereof, as if no extensions of time for, or forbearance of payment had been granted or made."

In the mortgage which was made when the notes were executed they were described as follows:

"Each note for $8.00 of even date herewith, the first one falling due May 1, 1893, and falling one due each month thereafter with 10% interest per annum from maturity, and if not paid when due to draw 10% per annum from date."

The plaintiff asked for interest on the notes after maturity at ten per cent per annum, but made no claim for any interest on the notes from date until maturity. The defendant conceded that the notes bore interest from maturity, but only at six per cent per annum, instead of the stipulated rate. The trial court sustained the plaintiff's contention and ruled that the notes bore interest from maturity at ten per cent interest per annum, and accordingly gave judgment for $638.63 and provided that the judgment should bear interest at the rate of ten per cent per annum.

The defendant insists that the judgment should not have been rendered for more than $406.07, and that the judgment should only bear interest at six per cent per annum. The governing statute provides that:

"When a rate of interest is specified in any contract, that rate shall continue until full payment is made, and any judgment rendered on any such contract shall bear the same rate of interest mentioned in the contract, which rate shall be specified in the judgment; but in no case shall such rate exceed ten per cent per annum, and any bond, note, bill, or other contract for the payment of money, which in effect provides that any interest or any higher rate of interest shall accrue as a penalty for any default, shall be void as to any such provision." (Gen. Stat. 1909, § 4348.)

The promise in the notes to pay an excess rate from date because the notes were not paid at maturity is void under the statute quoted, and so much of it as may be regarded as a penalty is not recoverable. (*Ansel v. Olson,* 39 Kan. 767, 18 Pac. 939; *Holmes v. Dewey,* 66 Kan. 441, 71 Pac. 836.) Both of the parties agree that no interest can be collected on the notes between their date and their maturity, but they disagree as to whether payment of the stipulated rate may be required after maturity. It is competent for parties to provide for a legal rate of interest on a note until maturity, and for a higher legal rate after maturity in the event that it is not paid at that time. (*Holmes v. Dewey,* supra.) The penalty feature of the notes in question is in requiring excess payment because of a default. The default occurred upon the failure to pay the notes at maturity. The invalid excess is that provided for between date and maturity. In *Holmes v. Dewey,* supra, it was said that the statutory provision "was intended to relieve the maker from a penalty of an excess rate running back to the date of the paper." When the maker expressly stipulates that a higher rate of interest shall be paid after maturity, interest at that rate is recoverable if it is not in contravention of the usury law. (*Sheldon v. Pruessner,* 52 Kan. 579, 35 Pac. 201, 22 L. R. A. 709; *Hallam v. Telleren,* 55 Neb. 255, 75 N. W. 560; *Scottish-American Mortgage Co. v. Wilson,* 24 Fed. 310.) The question of usury is not in the case, and the rules governing a promise to pay usury are not applicable here. It would be conceded that if the note had provided for ten per cent interest from date until maturity, and in case the note was not paid when due it should draw interest at the rate of ten per cent per annum after maturity, interest at the stipulated rate might be recovered from maturity. Does the fact that the stipulation in the notes as to interest was not divided into two clauses prevent the collection of interest at the agreed rate after maturity? Although the stipulation as to interest both before and after

maturity is contained in a single expression, we think it was regarded as severable by the parties and may be treated as severable in this action. The invalidity of the promise turns on the omission to pay the note at maturity, and in the agreement of the parties themselves it was recognized as a point of division. This view is reinforced by the description of the notes in the mortgage, wherein it is stated that the notes would bear interest at ten per cent per annum from maturity, and if not paid when due to draw interest from date at ten per cent. This makes it clear that as to payment of interest the parties had this point of division in mind as they expressly provided for two periods, one before maturity and one after that time. It has frequently been decided that a note and a mortgage given to secure its payment, made at the same time and as parts of the same transaction, are construed as if they were parts of a single instrument. (*Round, et al., v. Donnel, et al.,* 5 Kan. 54; *Muzzy v. Knight,* 8 Kan. 456; *Meyer v. Graeber,* 19 Kan. 165; *Spesard v. Spesard,* 75 Kan. 87, 88 Pac. 576; *Cabbell v. Knote,* 2 Kan. App. 68, 43 Pac. 309.) So construed there can be no doubt as to the intent of the parties, and it must therefore be held that the court ruled correctly in holding that the interest provided for in case of a default between the date and maturity of the notes should be treated as a penalty, and is therefore forfeited, but that the stipulated rate after maturity, which was a legal rate and one the parties were competent to fix, is recoverable.

The judgment is affirmed.