**NATIONAL LIFE INS. CO. v. SILVER et al.**

No. 7456—Opinion Filed Sept. 26, 1916.

Rehearing Denied March 6, 1917.

(163 Pac. 224.)

**Interest—"Penalty"—Note.**

In an action on a promissory note bearing interest at the rate of 5 1-2 per centum per annum, payable semiannually, and containing a stipulation that, if default be made for 10 days in the payment of either principal or interest, the entire amount shall, at the option of the holder, become due and payable, and after maturity bear interest at the rate of 10 per cent. per annum, held, that the increased rate of interest is not a penalty, but a valid, enforceable contract for the payment of interest.

(Syllabus by Bleakmore, C.)

Error from District Court, Noble County; W. M. Bowles, Judge.

Action by the National Life Insurance Company against B. F. Silver and others. From the judgment, plaintiff brings error. Reversed, with directions.

Chas B. Mitchell and H. A. Kroeger, for plaintiff in error.

H. A. Johnson, for defendants in error.

Opinion by BLEAKMORE, C. This suit was commenced in the district court of Noble county on May 15, 1914, to recover upon the following promissory note:

"On the first day of March, 1914, I promise to pay to the order of the Deming Investment Company (a corporation), the principal sum of thirty-five hundred no/100 ($3,500.00) dollars, with interest thereon at the rate of 5½ per cent. per annum from January 8, 1909, until maturity, payable semiannually, according to the tenor of ten interest notes, one being for one hundred twenty-three 50/100 dollars, and nine others for $96.25 each, all of even date herewith; both principal and interest notes payable at the National Park Bank, New York City, N. Y. If default be made for ten days in the payment of any sum, either principal or interest, after the same becomes due and payable according to the terms hereof, then the whole amount herein promised to be paid shall, at the option of the holder hereof, at once become due and payable. All sums herein promised to be paid shall bear ten per cent. per annum interest after maturity, until paid, payable annually, whether the same becomes due according to the terms hereof, or by some reason of default of any payment of principal or interest. Privilege is reserved to pay $100.00, or any multiple thereof, or the whole amount, at the maturity of any coupon on and after March 1, 1910, by giving 60 days' notice.

"Dated this 7th day of January, 1910.

"B. F. Silver.

"Marie J. Silver."

"Attest: C. D. Jenson.

"John A. Whitman."

There was judgment for plaintiff, limiting the recovery of interest on the principal of said notes after maturity to 5 per cent. per annum, and plaintiff has appealed.

The sole question here presented is whether plaintiff was entitled to recover interest, after maturity, at the increased rate stipulated in the notes. In National Life Insurance Co. v. Hall, 34 Okla. 449, 125 Pac. 1108, involving a note containing the same provision, this identical question was decided, this court holding:

"Where a promissory note, drawing 5½ per cent. interest, payable semiannually, contains a clause which provides that the rate shall be increased to the maximum legal rate of interest in the event of default in payment of either principal or interest at maturity, such increased rate of interest is not a penalty, but a valid contract for the payment of interest."

In the body of the opinion it is said:

"We think that the provision in the note to pay an additional rate of interest after

maturity, said conditional rate of interest not being usurious, is a legal and binding obligation, and can be enforced. We, therefore, must decline to follow the rule declared in said case of National Life Insurance Co. v. Hale, supra, that an advanced rate of interest, contracted to be paid after maturity, is a penalty and void. In short, we are convinced that parties may legally contract for the payment of interest at different rates in the same note, at different times, so long as the contract is not tainted with usury."

There was prejudicial error in denying plaintiff the right to recover interest after maturity at the increased rate. The judgment should therefore be reversed, and the cause remanded, with directions to the trial court to modify its judgment to conform to the view herein expressed.

By the Court: It is so ordered.