## ALLIANCE TRUST CO. v. JACKSON et al.

No. 8018—Opinion Filed Feb. 4, 1919.

Rehearing Denied April 29, 1919.

(180 Pac. 249.)

**1. Interest—Penalty—Statutes.**

Where a note provides that if interest is not paid at maturity it shall bear an increased rate from a time antedating maturity, the note creates a penalty, but the penalty consists only of the increased interest prior to maturity; from maturity the rate is properly charged, and is not a penalty.

**2. Appeal and Error—Brief—Dismissal of Appeal—Rule of Court.**

Where the brief of a party on cross-appeal seeks to have the judgment of the lower court reversed, does not contain pleadings, summary of the evidence, the judgment, together with such statements from the record as are necessary for a full understanding of the question presented as required by rule 26. 47 Okla. x (165 Pac. ix), the appeal will be dismissed.

(Syllabus by Pope, C.)

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by the Alliance Trust Company against David A. Jackson and others to foreclose a mortgage securing a series of notes bearing 6½ per cent. interest to be increased to 12 per cent. on default of payment at maturity. From a judgment rejecting the increased rate of interest, plaintiff brings error, and certain of the defendants bring cross-error. Reversed and remanded, with directions.

I. R. McQueen and W. H. Clark, for plaintiff in error.

H. A. Johnson, for defendants in error and cross-appellants.

Opinion by POPE, C. The real controversy was between the plaintiff and defendants Johnson, who had purchased and who now own the mortgaged property. The dominant issue was whether the notes sued on created a penalty in providing a higher rate of interest on default than they bore on their inception. The trial court appar-

ently regarded the notes as fixing a penalty, for the judgment rendered rejects the increased rate of interest. The main appeal which is prosecuted by the plaintiff raised the question of error in this particular. The preliminary question is raised that the alleged error was not saved for review by reason of the proper assignments.

The record shows, however, that the plaintiff both in its motion for new trial and in its petition in error alleged that the trial court erred in deciding that the provision for the increased rate of interest was penal in its character, and in holding that only 6½ per cent. interest should be collected, thus the lack of merit of the objection is made apparent.

This case falls within the general class of cases which this court has recently considered, National Life Insurance Co. v. Hale, 54 Okla. 600, 154 Pac. 536, L. R. A. 1916E, 721, and note, and National Life Insurance Co. v. Silver, 65 Okla. 85, 163 Pac. 274.

These cases fix the law in this jurisdiction, that a note does not create a penalty merely because it provides a higher rate of interest after maturity. There is a distinguishing feature, however, between the notes involved in this case and the notes involved in those cases. Here the note clearly fixes a penalty. In the cases cited the notes required a higher rate of interest from maturity, if not then paid; in this case the note provides that—

"In case this note or any interest coupon is not paid promptly at maturity the whole debt shall bear interest at the rate of 12 per cent. per annum from date of maturity of the coupon last paid."

Otherwise stated one class of notes merely provides a higher rate of interest from the date of default, while in the other class the default causes the higher rate to relate back and to be chargeable from a time prior to the default.

In thus making the default give the right to collect a larger sum than could have been collected a moment before, the note created a penalty. Hallam 'et al. v. Telleren, 55 Neb. 255, 75 N. W. 560; Robins v. Maddy, 95 Kan. 219, 147 Pac. 826, L. R. A. 1916E, 721, and note.

The conclusion reached by the trial court

however, is not sustained by the mere determination that the notes created a penalty. A contract is not void because it imposes a penalty. Revised Laws 1910, §§ 974, 975. What then was the penalty imposed by the notes in question? As a note which provides for a higher rate of interest from maturity does not create a penalty, but a penalty does arise when the higher rate is made retroactive, it follows that the only penalty provided by the notes in this case was the larger interest required from the time the last coupon had been paid till the time of default. In so far as the notes required a higher rate of interest after maturity than before, no penalty was created. Hallam et al. v. Telleren, 55 Neb. 255, 75 N. W. 560; Robbins v. Maddy, 95 Kan. 219, 147 Pac. 826, L. R. A. 1916E, 721, and note.

It follows that the trial court was in error in limiting the interest after maturity to 6½ per cent. It was correct in holding that only 6½ per cent. could be collected prior to maturity. Our conclusion, therefore, is that the plaintiff was entitled to 6½ per cent. interest until default, and interest at the rate of 12 per cent. thereafter.

The defendants Johnson prosecuted a cross-appeal directed against the determination of the issues between them and the defendant Orton. The question raised cannot be determined from the abstracts of the record and briefs presented by the various parties. An examination of the record goes to the extent of determining that the Johnsons purchased the property from the defendant Orton, subject to a mortgage of $750, and they received precisely what they purchased. The question raised by the cross-appeal is entirely technical, and if any errors were committed they were entirely harmless. The cross-appeal is dismissed for the failure of the defendant in error to comply with rule 26 (47 Okla. x, 165 Pac. ix). Neither the pleadings, summary of the evidence, or judgment involved in the case appealed are set out in the abstract, and is a very clear violation of the rules.

The cause is reversed and remanded, with directions to render judgment is conformity with this opinion.

By the Court: It is so ordered.