MARY E. PASS, Administratrix of JAMES C. PASS v. JAMES F. SHINE.

*Contract — Interest — Mortgage.*

Where it was stipulated in a mortgage securing a note bearing interest at six per cent. per annum, that after default in payment of the note the maker should pay eight per cent. per annum during the continuance of such default: *Held*, in an action to foreclose the mortgage, that the plaintiff is entitled to recover the debt, with eight per cent. interest after maturity, as provided in the mortgage.

This is a CIVIL ACTION instituted to foreclose a mortgage, tried at August Term, 1893, of the Superior Court of DUPLIN County, before *Bryan, J.*, a jury trial being waived.

It was admitted that the defendant executed and delivered to the plaintiff on the 1st day of December, 1882, the note declared on, a copy of which is as follows:

$874.45. Six months after date, for value received, we promise to pay Mary E. Pass, administratrix of James C. Pass, or order, the sum of eight hundred and seventy-four dollars and forty-five cents, with interest from date, and secured by mortgage deed on land bearing even date with this note.

As witness our hands and seals, this the 1st day of December, 1882.     (Signed)     JAS. F. SHINE.   [SEAL.]
                                        ELIZA SHINE.    [SEAL.]

It was also admitted that no part of the note has been paid, except the sum of $100, paid October 30, 1891.

It was also admitted that on said 1st day of December, 1882, the defendant conveyed the land described in the complaint to the plaintiff by mortgage deed to secure the payment of said note, and that in the mortgage deed, after conferring a power of sale upon failure to pay the note and

interest when due, and all costs, charges and taxes, there was the following stipulation and agreement:

"It is further agreed that upon default in making such payment, we promise to pay interest on said note at the rate of eight per cent. per annum during the continuance of such default."

Upon the admissions and the pleadings, the plaintiff insisted that she was entitled to recover judgment for the amount of said note, subject to said credit of $100, with six per cent. thereon for six months, and that there being a failure to pay at the end of six months, interest after that time ought to be computed at the rate of eight per cent., according to the agreement in the mortgage. The defendant insisted that plaintiff was entitled to recover no more than six per cent. interest for any part of the time.

His Honor being of opinion with the plaintiff, rendered judgment accordingly, and the defendant excepted and appealed.

*Messrs. Allen & Dortch,* for plaintiff.
*Mr. H. R. Kornegay,* for defendant (appellant).

AVERY, J.: The defendant might have lawfully agreed by the terms of the note itself to pay interest at the rate of eight per cent. from the date of its execution. By failing to specify a higher rate he, in contemplation of law, intended that the debt should bear only six per cent. interest until maturity. To secure this debt he executed a deed conveying his own land, in which his wife (now dead) joined. The action is brought against James F. Shine only, to foreclose the mortgage after default in the payment of the note. We can conceive of no reason why the defendant could not lawfully contract in the deed itself, as he could have agreed in the note, that the rate of interest should be eight per cent. after maturity. It has generally been conceded by the Courts of

this country that interest " is allowable as damages for default in the performance of a contract to pay money." 11 Am. & Eng. Enc., 383. By special agreement a lawful rate may be paid from the date of contracting a debt till it becomes due. The fact that the creditor is content with a lower rate before maturity does not affect his right to demand under a special agreement a higher rate, not exceeding the limit fixed by law, after maturity. The judgment is

Affirmed.