PAWTUCKET MUTUAL FIRE INSURANCE COMPANY v. GEORGE R. LANDERS *et al.*

No. 107.

1. PROMISSORY NOTE — *increased interest provided for on default enforced.* Where a promissory note is executed, July 1, 1885, due five years from the date thereof, secured by mortgage on real estate, with interest at seven per cent. per annum payable semi-annually with semi-annual coupons attached, and containing a provision that the note is to draw interest from date at the rate of twelve per cent. per annum if either principal or interest remains unpaid ten days after due; and where the makers thereof, on the first day of June, 1891, paid one-half of the principal and all interest due to that date, and failed to pay the residue thereof; *held*, that, when default is made in the payment of the principal and interest for more than ten days after the maturity of the note and for more than ten days after the time to which the interest is paid, the holder is entitled to recover the amount due as principal and twelve per cent. interest thereon from the first day of June, 1891.

624    PAWTUCKET INS. CO. v. LANDERS.

S. Dept.          Opinion.  Johnson, P. J.          5 Kan. App.

2. CHAPTER 109, LAWS OF 1893 — *denied retroactive operation.*
Chapter 109, Laws of 1893, concerning the sale and redemption
of real estate, has no retroactive operation, and therefore does not
apply to mortgage contracts existing at and before its passage.
If the Legislature intended the act to apply to such contracts, it
violates section 10 of article 1 of the Constitution of the United
States. *Watkins v. Glenn*, 55 Kan. 417.

Error from Harper District Court.  Hon. G. W.
McKay, Judge.  Opinion filed January 5, 1897.  *Modi-
fied.*

This was an action to foreclose a real estate mort-
gage, begun by the plaintiff in error against the
defendants in error in the District Court of Harper
County.  The note secured was for four thousand
dollars, and it provided for interest payable semi-
annually at seven per cent., and also that "this note
is to draw interest from date at twelve per cent. per
annum if either principal or interest remain unpaid
ten days after due."  It fell due on July 1, 1890.  On
June 1, 1891, the makers paid two thousand dollars,
on the principal and all of the interest.  The plaintiff
asked twelve per cent. interest on the balance from
June 1, 1891.  The court gave judgment for two
thousand dollars and seven per cent. interest, and
gave the defendants eighteen months in which to re-
deem the land from sheriff's sale.  Upon the ques-
tions of rate of interest and time for redemption the
plaintiff in error brings the case here.

*Beardsley, Gregory & Flannelly*, for plaintiff in error.
*Houston & McCulloch*, for defendants in error.

JOHNSON, P. J.  The court erred in computing inter-
est on the amount due upon the note at seven per
cent. from June 1, 1891.  The interest should have been

PAWTUCKET INS. CO. v. LANDERS.  625

Jan. 5, 1897..      Opinion.  Johnson, P. J.          C. Div.

1. Increased interest enforced. allowed at twelve per cent. from June 1, 1891, as the note provided for interest at twelve per cent. from date if not paid within ten days after maturity.   All interest due on the note having been paid up to June 1, 1891, interest at twelve per cent. per annum should have been allowed from the date to which the interest had been paid.

The question as to whether chapter 109 of the Laws of 1893, relating to the sale and redemption of real estate, was intended by the Legislature to operate retroactively so as to apply to mortgage contracts existing at and before its passage, was decided in the negative by the Supreme Court of this State in *Watkins v. Glenn* ( 55 Kan. 417 ).   The note and mortgage were executed on the first day of July, 1885, and the redemption law of 1893 was not applicable to this case.

2. Statute denied retroactive operation.

It is therefore ordered that this case be remanded to the District Court of Harper County, with direction that the judgment be so modified as to compute interest on two thousand dollars at the rate of twelve per cent. per annum from the first day of June, 1891, to the rendition of the judgment, and that said judgment draw twelve per cent. per annum from the date of its rendition, and that the clause in the decree of foreclosure of the mortgage giving the defendants eighteen months to redeem the mortgaged premises after sale, be stricken out, and that the defendants pay the costs in this court.