Brown v. Cory.

---

WILLIAM L. BROWN, *Administrator, et al.,* v.
L. Y. CORY.

No. 463. ( 59 Pac. 1097.)

1. CONVEYANCES—*Insane Person—Cases Followed.* The cases of *Gribben, Guardian, v. Maxwell*, 34 Kan. 8, 7 Pac. 584, and *Leavitt, Guardian, v. Files*, 38 id. 26, 15 Pac. 891, cited and followed as to a mortgage or conveyance signed by an insane person.

2. PRACTICE, DISTRICT COURT—*Questions of Law—Decision by Court.* Where no question of fact arises in a case, and the only question to be decided is one of law alone, it is not error for the trial judge to discharge the jury and decide the case.

3. INTEREST—*Rate after Default.* Prior to May 25, 1889, a note providing for the payment of interest, or a higher rate of interest, as a penalty for default, was valid as to twelve per cent. interest per annum.

Error from Reno district court; F. L. MARTIN, judge. Opinion filed February 19, 1900. Affirmed.

*S. S. Ashbaugh,* for plaintiffs in error.

*Beardsley & Gregory,* and *John W. Roberts,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced in the district court of Reno county by the defendant in error to recover upon a coupon note, and to foreclose a certain real-estate mortgage securing the same, signed and executed by Jerome M. Brown and Jane B. Brown, payable to Jarvis, Conklin & Co., and assigned to him. Jerome M. Brown died soon after the execution of the note and mortgage, and William L. Brown, one of the plaintiffs in error, was appointed administrator of the estate and sold the land described in the mortgage to W. H. Belt and Harriet S. Belt, who are the contesting parties in this action. The petition was in the ordinary form. The note and mortgage were dated January 1, 1895, due five years after date, and called for semiannual payments of interest at the rate of eight per cent. per annum, which was evidenced by interest coupons. All of the coupons were paid except the last one, which was due at the maturity of the note.

Belt and Belt filed a verified answer, in which they set up a general denial, and a special denial of the execution of the note and mortgage by Jerome M. Brown and Jane B. Brown, and an allegation that at

the date of the note and mortgage, and for more than five years prior thereto, the said Jerome M. Brown was insane and totally incapable of transacting any business whatever, and remained so until the time of his death. During the trial, the plaintiffs in error Belt and Belt were by the court granted leave to amend their answer, which they did by alleging that at the time of the execution of the note and mortgage Jarvis, Conklin & Co., the mortgagees named in said mortgage, and their agents and servants, knew of the condition of Jerome M. Brown, and that by the exercise of ordinary diligence they could and should have known of his said condition.

After the issues were joined, the defendant in error introduced in evidence his note and mortgage, showing that the principal note and last coupon were in default, and rested his case.

The plaintiffs in error Belt and Belt attempted to introduce evidence tending to prove the insanity of Jerome M. Brown. The defendant in error objected to the introduction of any evidence of said insanity, for the reason that it constituted no defense in the action, under the pleadings. This objection was sustained by the court, and the said defendants offered no further evidence, and the court found for the plaintiff, and discharged the jury. Judgment was rendered against the makers of the note in the sum of $1218, and for the foreclosure of the mortgage. The plaintiffs in error come to this court asking for a reversal of said judgment.

We are asked to dismiss the petition in error for the reason that the attorney for the plaintiffs in error Belt and Belt is not empowered to represent some of the plaintiffs in error. Upon the showing made, we will decline to dismiss the petition in error or consider

the legal question involved in the motion to dismiss. The plaintiffs in error contend that the court erred in sustaining the objection to the introduction of evidence proving the insanity of Jerome M. Brown and the knowledge of the mortgagee of said fact.

The answer contained no allegation that said Brown had ever been declared or adjudged insane by a competent or legal tribunal, or that fraud or undue influence had been used by the mortgagee in the transaction, or that the amount of the loan evidenced by the note was not paid to said Brown in good faith, or that an offer had been made to return to this defendant in error the money loaned by him.

A mortgage or conveyance of land in good faith for a fair consideration, made by an insane person before a finding of lunacy, wherein no advantage is taken by the purchaser or mortgagee, will not be set aside by a mere showing of incapacity, when the consideration has not been returned to the purchaser, and no offer made to return the same. (*Gribben, Guardian, v. Maxwell*, 34 Kan. 8, 7 Pac. 584; *Leavitt, Guardian, v. Files*, 38 id. 26, 15 Pac. 891.)

The allegations of the answer and the amendment contained no defense to the allegations of the petition, and the court committed no error in sustaining the demurrer to the introduction of evidence to prove the insanity of said Brown. Upon the pleadings and the evidence, the defendant in error was entitled to a judgment as a question of law, and there was no question of fact to be submitted to the jury. The court committed no error in discharging the jury and rendering judgment.

It is also contended that the amount of the judgment is excessive. The note contains the following provision: "This note is to draw interest from date

45—9 KAN. APP.

at the rate of twelve per cent. per annum if either principal or interest remain unpaid ten days after due.'' The note and mortgage were dated January 1, 1885. The statute, which provides that '' any bond, note, bill or other contract for the payment of money, which in effect provides that any interest or any higher rate of interest shall accrue as a penalty for any default, shall be void as to any such provision,'' did not become effective until May 25, 1889. (Gen. Stat. 1897, ch. 116, § 5; Gen. St. 1899, § 3846.) The court did not err in refusing to compute interest at eight per cent per annum.

The judgment of the district court is affirmed.