## NATIONAL LIFE INS. CO. v. HALL et al.

No. 1668.   Opinion Filed March 19, 1912.

Rehearing Denied August 20, 1912.

(125 Pac. 1108.)

1.  **INTEREST — Stipulations — After Maturity of Debt.**  Where a promissory note drawing five and one-half per cent. interest, payable semiannually, contains a clause which provides that the rate shall be increased to twelve per cent. in the event of default in payment of either principal or interest at maturity, held, such increased rate is in the nature of a penalty for nonperformance of contract, and such clause is void under section 1125, Comp. Laws 1909.

2.  **SAME—"Interest" and "Penalty" Distinguished.**  The term "interest," when used to designate a rate per cent. to be paid for the use of money, has a distinct significance derived from commercial usage, meaning simply the market value of the use of money, which value may be limited by law; while the term "penalty" is used to designate a clause in an agreement by which the obligor agrees to pay a certain sum of money if he shall fail to fulfill the contract contained in another clause of the same agreement.  A "penalty" always includes two distinct agreements, so that when the first is fulfilled the second is void; and when a breach has taken place the obligee has the option to require the fulfillment of the first obligation or payment of the penalty, but not before.

(Syllabus by Harrison, C.)

*Error from District Court, Kingfisher County;*
*A. H. Huston, Judge.*

Action by the National Life Insurance Company against Howard Hall, Medora A. Hall, his wife, and others.   Judgment for plaintiff for less than the relief demanded, and it brings error. Affirmed.

*Warren K. Snyder,* for plaintiff in error.

*W. L. Moore,* for defendants in error.

Opinion by HARRISON, C.   This action was begun May 25, 1908, by the National Life Insurance Company for foreclosure of mortgage on a certain 160-acre tract of land situated

in Kingfisher county, and for judgment on principal note of $1,-200 and one past-due interest coupon for $33, and for interest, costs, and attorney's fees provided for in note and mortgage. The cause was tried by the court May 25, 1909, resulting in judgment in favor of plaintiff for the foreclosure of the mortgage and judgment against Howard Hall and Medora A. Hall, his wife, for $1,200, with interest thereon at the rate of five and one-half per cent. from the first day of February, 1908, and for the further sum of $33, with interest thereon at the rate of 12 per cent. per annum from the first day of February, 1908, until paid, and the further sum of $50 attorney's fees, with interest thereon from the date of judgment at the rate of 6 per cent. per annum until paid.

Plaintiff excepted to this judgment, claiming that it was entitled to 12 per cent. interest on the principal note, instead of five and one-half per cent. given in the judgment. This claim for increased rate of interest is based upon the provisions of the note, which provide for the payment of five and one-half per cent. per annum until maturity on principal note and interest coupons, and for interest at the rate of 12 per cent. per annum in the event of default in payment of the principal note or any of the coupon notes at maturity. Judgment for the increased rate of interest was refused by the trial court, on the ground that that provision of the note and mortgage providing for an increased rate of interest in case of default in the payment of the several sums, or any of them when they became due, was in the nature of a penalty, and in violation of statute.

The note sued on is as follows:

"* * * On the first day of February, 1910, I promise to pay to the order of the Deming Investment Company, a corporation, the principal sum of twelve hundred and no / 100 dollars, with interest thereon at the rate of five and one-half per cent. per annum from Dec. 9, 1902, until maturity, payable semiannually, according to the tenor of fourteen interest notes, one being for forty-two and 30 / 100 dollars (42.30) and thirteen others for thirty-three and no / 100 dollars ($33.00) each, all of even date herewith; both principal and interest notes payable at the National Park Bank, New York City, N. Y. If default be made for ten days in the payment of any sum, either principal or inter-

est, after the same becomes due and payable according to the terms hereof, then the whole amount herein promised to be paid, shall, at the option of the holder hereof, at once become due and payable. All sums herein promised to be paid shall bear 12 per cent. per annum interest after maturity, payable annually, whether the same become due according to the terms hereof, or by reason of any default of any payment of principal or interest. Privilege reserved to pay $100 or any multiple thereof Feb. 1st, 1904, or at any interest pay day thereafter by giving 60 days' written notice. Dated this 9th day of December, 1902.

"HOWARD X HALL.
his
mark

"MEDORA A. X HALL.
her
mark

"Attest: E. B. Cockrell.
"Copy: A. W. Westlake.
"M. K. O. Form B. (Copy.)"

It is conceded, and correctly so, by counsel for both plaintiff and defendants in error, that there is but one question involved in this case, namely, whether the increased rate of interest provided for in the note and mortgage, in case of default in payment at maturity, shall be construed as interest proper, or as penalty for failure to pay when due. If it be interest merely, then the provision is valid and binding. If purely a penalty, then it is void under the statutes. Therefore, a determination of the question depends upon the distinction between the terms "interest" and "penalty." On the question of the validity of such a provision, there is a sharp conflict and much confusion among the authorities, which conflict is due, to a great extent, to a difference in statutes, and, to some extent, to a confusion of the terms "interest" and "penalty" and a failure to distinguish between the terms "penalty" and "liquidated damages." See *Hubbard · v. Callahan*, 42 Conn. 524, 19 Am. Rep. 564; *Scottish American Mortgage Co. v. Wilson et al.* (C. C.) 24 Fed. 310, and the line of precedents cited and followed by each of the above authorities; also *Conn. Mutual Life Ins. Co. v. Wosterhoff*, 58 Neb. 379, 78 N. W. 724, 76 Am. St. Rep. 101, and the line of authorities therein cited and followed. Each term has a distinct significance, and the three should not be used interchangeably. Bouvier's Law Dictionary; Anderson's Law Dictionary; Words and Phrases.

It is true that liquidated damages partake to an extent of the nature of a penalty; but there may be a penalty without any of the elements of liquidated damages; while the term "interest," when used to designate a rate per centum to be paid for the use of money, does not necessarily include the elements of either of the other terms. It derives its distinct significance from commercial usage, rather than from the courts, and means simply the market value of the *use* of money, which value, of course, may be limited by law.

Therefore, after a careful review of authorities, observing the confusion and conflict among them, and in view of the statutes, we conclude that the safer determination of the question at bar may be had from the meaning implied by the language of the note. If it appears from the language of the note that the parties had in contemplation, or under consideration, the earning power this money might have after maturity, or what its use might be worth because of some contemplated investment, or what its retention might be worth to the makers, and the minds of the parties met in contract and agreed as to what the use of such money would be worth in either case, and their subsequent acts show this to be the meaning intended, then we think the increased rate should be treated as *interest on money*, as distinguished from *penalty* for nonpayment. But, on the other hand, if it appears from the face of the note that such provision for an increased rate after maturity, or in case of default, is intended merely as an incentive to prompt payment, or as a punishment for nonpayment, and that after default payment will be enforced anyway, and the acts of the parties show this to be the meaning intended, then it should be treated as a penalty, and as void under the statutes.

The two clauses in the note from which this question arises are as follows:

"If default be made for ten days in the payment of any sum, either principal or interest, after same becomes due and payable according to the terms thereof, then the whole amount herein promised to be paid, shall, at the option of the holder hereof at once become due and payable."

"All sums herein promised to be paid shall bear twelve per cent. per annum interest after maturity, payable annually, whether same become due according to the terms hereof, or by reason of any default of any payment of principal or interest."

Bouvier defines penalty to be "a clause in an agreement by which the obligor agrees to pay a certain sum of money if he shall fail to fulfill the contract contained in another clause of the same agreement."

"A penalty is defined to be a clause in an agreement by which the obligor agrees to pay a certain sum of money if he shall fail to fulfill the contract contained in another clause of the same agreement. A penal obligation differs from an alternative obligation, for it is but one in its essence; while a penalty always includes two distinct engagements, and where the first is fulfilled the second is void. Where a breach has taken place, the obligee has his option to require the fulfillment of the first obligation or payment of the penalty, but not before." (*Danforth v. Charles,* 1 Dak. 285, 46 N. W. 576.)

It is plain from the language of the note, and under the definitions above quoted, that the increased rate of interest was intended as a penalty, and for no other purpose. Especially is this true in view of the action of the plaintiff in instituting proceedings to foreclose, and demanding the payment of the increased rate before the maturity of the principal note, and as soon as default was made in the payment of one of the interest coupons. Had this clause in the note been intended to mean an increased rate of interest for the use of the money after maturity, and had it been so construed and agreed upon by the parties to the contract, we cannot believe that the plaintiff would have instituted foreclosure proceedings as soon as one of the $33 interest coupons became due and before the principal note matured.

Section 815, Wilson's Rev. & Ann. St. 1903 (section 1125, Comp. Laws 1909), reads as follows:

"Penalties imposed by contract for any nonperformance thereof are void. But this section does not render void such bonds or obligations penal in form as have heretofore been commonly used. It merely rejects and voids the penal clauses."

In view of the language of this clause in the note and the construction placed thereon by the parties, and in view of their action in the premises, the increased rate therein provided for was not intended as an extra compensation for an extended use of the money. No extension was intended to be granted, and none was granted; but as soon as default was made a forfeiture was declared and the forfeit demanded. It could not have been demanded upon any ground whatever, except for nonperformance of the contract. This, it seems to us, is the test of the question; and, this being true, such clause is void under the statutes, and the court below was correct in so holding.

The judgment should be affirmed.

By the Court: It is so ordered.