## NATIONAL LIFE INS. CO. v. HALE.

No. 5485.   Opinion Filed January 11, 1916.

(154 Pac. 536.)

1. **INTEREST—"Penalty"—Bills and Notes.** Where a promissory note, drawing five and one-half per cent. interest, payable semi-annually, contains a clause which provides that the rate shall be increased to the maximum legal rate of interest in the event of default in payment of either principal or interest at maturity, such increased rate of interest is not a penalty, but a valid contract for the payment of interest (overruling the first paragraph of the syllabus in **National Life Ins. Co. v. Hall et al.,** 34 Okla. 395, 125 Pac. 1108).

2. **PLEADING—Answer—Motion to Strike.** Where the answer fails to state a defense to the action, or to any part thereof, a motion to strike said answer from the files should prevail.

(Syllabus by Collier, C.)

*Error from District Court, Canadian County;*
*John J. Carney, Judge.*

Action by the National Life Insurance Company against M. F. Hale. Judgment for defendant, and plaintiff brings error. Modified and affirmed.

*Curtis M. Oakes* and *Wm. H. McNeal,* for plaintiff in error.

Opinion by COLLIER, C.   This action was brought August 16, 1912, upon a promissory note, made to the Deming Investment Company in the sum of $1,600, and by said company, for value and before maturity, assigned to plaintiff in error, and to foreclose a mortgage given to secure payment of said note. Said note is as follows:

"No. 12185.                              $1,600.00.

"On the 1st day of December, 1906, I promise to pay to the order of the Deming Investment Company (a cor-

poration), the principal sum of sixteen hundred dollars, with interest thereon at the rate of 5½ per cent. per annum from Nov. 21, 1901, until maturity, payable annually, according to the tenor of five interest notes, one being for ninety and 25/100 dollars, and four others for eighty-eight and no/100 dollars each, all of even date herewith, both principal and interest notes payable at the National Park Bank, New York City, N. Y. If default be made for ten days in the payment of any sum, either principal or interest, after the same becomes due and payable according to the terms hereof, then the whole amount herein promised to be paid shall at the option of the holder hereof at once become due and payable.

"All sums herein promised to be paid shall bear 12 per cent. per annum interest after maturity, payable annually, whether the same become due according to the terms hereof, or by reason of default of any payment of principal or interest.

"Privilege is reserved to pay $100 or any multiple thereof or the whole amount at the maturity of any coupon on and after Dec. 1, 1902, by giving 60 days' notice.

"Dated this 21st day of November, 1901.

"[Signed]                    LIDA A. MILLER.

"Attest:

"L. J. HOOVER.
"BERT E. BICKFORD."

The only defense interposed was by defendant in error, who was permitted to intervene in the case, upon the ground that he had purchased the land described in said mortgage and execution sale, which sale was confirmed by the district court of Canadian county, and that he was the owner of said land. He further averred in his answer that:

"Defendant denies that the plaintiff is entitled to recover $160 as attorneys' fees for the foreclosure of said mortgage, for the reason that this defendant offered to pay the said plaintiff the amount of said indebtedness, with interest at 5½ per cent. per annum, and $75, which was reasonable attorney's fees for the amount of services rendered by plaintiff's attorney in said action,   *   *   * but that the plaintiff refused to accept same, and insisted on having this defendant pay interest on said indebtedness at the rate of 12 per cent. per annum from December 1, 1911."

Defendant prayed that plaintiff be awarded judgment in the sum of $1,600, with interest thereon at 5½ per cent. per annum from December 1, 1911, together with $75 as attorney's fees and costs of suit.

Plaintiff moved to strike from the files said answer and plea of intervention of defendant in error, upon the ground that the averments of the plea did not state a defense to the action, nor did they show such equities in him to entitle him to intervene in this action. The court overruled said motion to strike, to which plaintiff excepted. The case was tried to the court. Plaintiff offered in evidence the note and mortgage described in the petition, and the written assignment of said note and mortgage by the Deming Investment Company to plaintiff, and the written application for an extension of time of payment of said note made by the makers thereof, which was the only evidence offered or introduced in the case. The court rendered judgment for plaintiff for $1,600, together with interest thereon at the rate of 5½ per cent. per annum from December 1, 1911, and for the further amount of $160 attorney's fees, with interest thereon at 6 per cent. per annum from the filing of this action, and for cost and disbursements of said action. That por-

tion of the decree, limiting the recovery of plaintiff to 5½ per cent. interest per annum from December 1, 1911, to date thereof, was objected to by plaintiff, which objection was overruled, and exceptions saved. Thereupon plaintiff filed a motion for new trial, which was overruled, and exceptions saved. To reverse said judgment this appeal is prosecuted.

There is but one question involved in this controversy, *viz.*, whether the increased rate of interest provided for in the note and mortgage in case of default of payment at maturity shall be construed as interest proper, or a penalty for failure to pay when due. If the increased rate can be properly held to be "interest," the provision as to the increased interest is valid. If said increased rate of interest can be properly held to be purely a "penalty," it is in contravention of the laws of this state and void.

While the adjudicated cases are not in entire harmony as to whether or not said advanced rate of interest should be held to be a penalty, we are of the opinion that the great weight of authority and the better considered cases force the conclusion that the advanced rate of interest provided to be paid after maturity of said note— 12 per cent. being a legal rate of interest in Oklahoma Territory at the time said note and mortgage were executed—was not a penalty, but a legal and binding obligation to pay interest.

In *Miller v. Kempner,* 32 Ark. 573, it is held:

"Where a note contains a stipulation for interest, at the rate of 10 per cent. per annum until maturity, and 2 per cent. per month after maturity, the increased interest after maturity cannot be treated as a penalty."

In the case of *Portis v. Merrill,* 33 Ark. 416, it is said:

"The note on its face is plainly a contract for interest at 5 per cent. per month from its maturity, and the appellant could not set up a contemporaneous verbal agreement that it was to be a penalty, and thereby vary the plain terms of the written contract. * * * We cannot make new contracts for parties, or alter their plain meaning by consideration. * * * A sane man has no claim upon a court of law or equity to relieve him from a hard bargain, when it is voluntarily entered into, and no fraud is practiced upon him."

In *Thompson v. Gorner,* 104 Cal. 168, 37 Pac. 900, 43 Am. St. Rep. 81, it is held:

"A provision in a promissory note, after providing for the payment of monthly interest at the rate of 8 per cent. per annum, that, 'if said principal or interest is not paid as it becomes due, it shall thereafter bear interest at the rate of 1 per cent. per month,' is not to be treated as a penalty, but as a contract to pay 1 per cent. per month interest upon a contingency."

In *Finger v. McCaughey,* 114 Cal. 64, 45 Pac. 1004, it is held:

"An agreement in a note secured by mortgage for interest from date at the rate of 10 per cent. per annum, provided that, if the note is not paid at maturity, it shall bear interest at the rate of 12 per cent. per annum from its date until paid, is valid and binding as to the increase of rate contingent upon nonpayment. * * *"

Said cases of *Thompson v. Gorner* and *Finger v. McCaughey, supra,* are decided under statutes of California (Civ. Code), which contain a provision practically the same as section 1125, Comp. Laws 1909, which reads:

"Sec. 1670. Every contract by which the amount of damage to be paid, or other compensation to be made,

for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in next section. Section 1671. The parties to a contract may agree therein upon an amount * * * of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

In *Eccles v. Herrick et al.*, 15 Colo. App. 350, 62 Pac. 1040, it is held:

"An agreement in a promissory note to pay an additional interest on the principal of the note from its date, in case of default in the payment of the principal or any interest coupon when due, is not a penalty, but is an agreement into which the parties have a right to enter and is binding."

In *McKay, Adm'x, v. Belknap Sav. Bank*, 27 Colo. 50, 59 Pac. 745, it is held:

"A contract in a promissory note to pay a certain interest if paid at maturity, but, if not paid at maturity, to pay a higher rate of interest from date of note, is not a penalty imposed for the purpose of enforcing prompt payment, but is an agreement to pay a higher interest on a contingency, and is enforceable."

See, also, *Hubbard v. Callahan*, 42 Conn. 524, 19 Am. Rep. 564.

In *Wilkerson v. Daniels*, 1 G. Greene (Iowa) 180, it is said in the syllabus:

"Under the statute authorizing parties to contract for interest not exceeding 20 per cent. per annum, it was legal to make a note drawing 12 per cent.; and, if not paid when due, 15 per cent., per annum. It will not be considered by a court of equity as a contract for a penalty, but for interest after a given day."

And in the opinion the court says:

"The statute in force at the date of the execution of the note regulating interest permitted parties to contract for the payment of interest at the rate of 20 per cent. per annum. The makers of this note agreed to pay 12 per cent. per annum from date, and, if not paid to the day, 15 per cent. This cannot be construed as a penalty against which a court of equity will afford relief. It is a contract to pay 15 per cent. interest per annum on a contingency, which we think the law then permitted."

In *Holmes v. Dewey,* 66 Kan. 441, 71 Pac. 836, the syllabus reads:

"An agreement by the makers of a promissory note to pay interest at 6 per cent. per annum from its date until maturity, and 10 per cent. after that time, is not unlawful as to the excess over 6 per cent. agreed to be paid after the note should become due."

See, also, *Young v. Thompson,* 2 Kan. 83; *Parker v. Plymell et al.,* 23 Kan. 402; *Hutchinson v. Benedict,* 49 Kan. 545, 31 Pac. 147; *Sheldon v. Pruessner,* 52 Kan. 579, 35 Pac. 201, 22 L. R. A. 709; *Insurance Co. v. Landers,* 5 Kan. App. 623, 47 Pac. 621; *Brown v. Cory,* 9 Kan. App. 702, 59 Pac. 1097.

In *Capen v. Crowell,* 66 Me. 282, the syllabus reads:

"On a promissory note payable on time, stipulating for a higher rate of interest than 6 per cent. after due until paid, interest is recoverable according to its terms."

And in the body of the opinion the court says:

"Interest is as justly due for the use of money after the maturity of a loan as during its continuance and before the contract for its repayment has been broken. * * * It is none the less so though the rate of interest should be increased by the agreement of parties in case of nonpayment. * * * But the rate of interest accord-

ing to the agreement of the parties must control, whether
it be a rate specified to be paid from the giving of the
note or from its maturity.   *   *   * "

In *Davis v. Hendrix,* 1 Mont. 409, the syllabus reads:

"A promissory note in which the maker agrees to
pay 'interest after maturity at the rate of 4 per cent. per
month until paid' is an agreement between the parties to
liquidate the damages for a breach of the contract. This
interest is not fixed as a penalty for the breach of the
contract, and the agreement will be enforced by the
courts."

And in the body of the opinion the court says:

"The contract for interest in this case cannot be
treated as a penalty. The parties did not so understand
it themselves. No fair interpretation of the contract can
discover any such understanding. If the interest agreed
upon is to be regarded as a penalty, then the court below
erred in fixing the damages for the breach at the legal
rate of interest, because the statute fixes the interest only
in the absence of agreement; and in this case there was
an agreement, and the question should have been deter-
mined on the testimony as to what were the actual
damages, and the plaintiff might have recovered any
amount he could have proved, not exceeding the 4 per
cent.   *   *   *   stipulated for. This, however, I hold,
was not fixed as a penalty."

In *Omaha L. & T. Co. v. Hanson,* 46 Neb. 870, 65
N. W. 1058, the syllabus is as follows:

"Where by the terms of a promissory note it is pro-
vided that it shall bear interest until maturity at a given
rate, and thereafter at a higher lawful rate, such con-
tract is not usurious, nor is the agreement for the higher
rate of interest after maturity a mere penalty."

In *Hallam v. Telleren,* 55 Neb. 255, 75 N. W. 560, the syllabus contains the following language:

"A note providing for a legal rate of interest until maturity, and for a higher, but still legal, rate after maturity, is valid, and will be enforced according to its terms."

In *Pass v. Shine,* 113 N. S. 284, 18 S. E. 251, it is said:

"We can conceive of no reason why the defendant could not lawfully contract in the deed itself, as he could have agreed in the note, that the rate of interest should be 8 per cent. after maturity. It has generally been conceded by the courts of this country that interest 'is allowable as damages for default in the performance of a contract to pay money.' 11 Amer. & Eng. Enc. Law 383. By special agreement a lawful rate may be paid from the date of contracting a debt till it becomes due. The fact that the creditor is content with a lower rate before maturity does not affect his right to demand under a special agreement a higher rate, not exceeding the limit fixed by law, after maturity."

In *Close v. Riddle,* 40 Or. 592, 67 Pac. 932, 91 Am. St. Rep. 580, it is held:

"A provision in a promissory note that, if the note shall not be paid at maturity, it shall thereafter bear a specified higher rate of interest than before maturity (such higher agreed rate being less than the highest legal rate), is not an agreement for a penalty, and not properly enforceable in equity, but it is rather an agreement for liquidated damages, which the parties are at liberty to make if they choose."

In *Wortman v. Vorhies,* 14 Wash. 152, 44 Pac. 129, it is held:

"An agreement to pay interest upon a promissory note at the rate of 9 per cent. per annum until maturity, and 1 per cent. per month thereafter, and also to pay interest upon coupon interest notes attached to the principal note, at the rate. of 2 per cent. per month after maturity of such interest notes. is enforceable.   *   *   * "

In *Loan & Trust Co. v. Dygart* (C. C.), 89 Fed. 123, the third paragraph of the syllabus is as follows:

"There is no ground on which a court can refuse to enforce the payment of interest on the debt secured at the rate of 12 per cent. after maturity, where such is the contract of the parties, and the note is not usurious."

This was (the above case) an action on a note providing for the payment of 10 per cent. interest until maturity, and 12 per cent. thereafter, and the court upheld the contract as a legitimate contract for the payment of interest according to its terms.   See, also, *Mortgage Co. v. Wilson* (C. C.) 24 Fed. 310; *De Hass v. Dilbert,* 70 Fed. 227, 17 C. C. A. 79, 30 L. R. A. 189; *Linton v. Vt. National Life Ins. Co.,* 104 Fed. 584, 44 C. C. A. 54.

In *National Life Ins. Co. v. Hall et al.,* 34 Okla. 395, .125 Pac. 1108, which was a case involving the identical question involved in this case, the learned judge sums up as follows:

"If it appears from the language of the note that the parties had in contemplation or under consideration the earning power this money might have after maturity, or what its use might be worth because of some contemplated investment, or what its retention might be worth to the makers, and the minds of the parties met in contract and agreed as to what the use of such money would be worth in either case, and their subsequent acts show this to be the meaning intended, then we think the increased rate should be treated as interest on money, as distinguished

from penalty for nonpayment. But, on the other hand, if it appears from the face of the note that such provision for an increased rate after maturity, or, in case of default, is intended merely as an incentive to prompt payment, or as a punishment for nonpayment, and that after default payment will be enforced anyway, and the acts of the parties show this to be the meaning intended, then it should be treated as a penalty, and as void under the statute."

We think this summing up of the case of *Nat. Life Ins. Co. v. Hall, supra,* is sound; but we are unable to agree that under said summing up it appears from the note in question that the increased rate of interest contracted by said note to be paid after maturity should be treated as a penalty, and to so hold would be to write into the note a construction not warranted. We think that the provision in the note to pay an additional rate of interest after maturity, said conditional rate of interest not being usurious, is a legal and binding obligation, and can be enforced. We therefore must decline to follow the rule declared in said case of *Nat. Life Ins. Co. v. Hall, supra,* that an advanced rate of interest, contracted to be paid after maturity, is a penalty and void. In short, we are convinced that parties may legally contract for the payment of interest at different rates in the same note, at different times, so long as the contract is not tainted with usury. It follows that the first paragraph of the syllabus in *Nat. Life Ins. Co. v. Hall, supra,* is hereby overruled.

Under our view of this case, the answer of intervener failed to set up any defense to the action, and the court erred in overruling the motion to strike said answer from the files, and also erred in refusing to grant a new trial.

This case should be reversed and remanded as to that provision in the judgment which fixes interest after maturity at 5½ per cent. per annum, with instructions to modify said judgment so as to fix the rate of interest upon the judgment rendered from the 1st day of December, 1911, at the rate of 12 per cent. per annum, and said judgment, except as herein modified, should be affirmed.

By the Court:   It is so ordered.